Matter of Martinez v Sing Sing Corr. Facility

2026 NY Slip Op 02493

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Michael Martinez, Appellant,

v

Sing Sing Correctional Facility et al., Respondents, Workers' Compensation Board, Respondent.

Decided and Entered:April 23, 2026

CV-25-0759

Calendar Date: March 23, 2026

Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

Finkelstein, Meirowitz & Eidlisz, LLP, Old Westbury (Levi Grosswald of counsel), for appellant.

David F. Wertheim, State Insurance Fund, Albany (Jared Schneiderman of counsel), for Sing Sing Correctional Facility and another, respondents.

[*1]

Clark, J.P.

Appeal from a decision of the Workers' Compensation Board, filed May 2, 2025, which denied claimant's Workers' Compensation Law § 137 request to preclude an independent medical examination report.

In January 2023, claimant was injured at work while manually cranking the inside of an inner gate to open it. The underlying claim for workers' compensation benefits ensued and the claim was ultimately established for various work-related injuries. Following a course of active treatment, claimant's treating physician rendered findings in a medical report as to schedule loss of use (hereinafter SLU) for various sites of injury involving statutory members. On December 1, 2023, an IME-5 form (Claimant's Notice of Independent Medical Examination),FN1 dated November 30, 2023, was filed with the Board indicating a scheduled independent medical examination (hereinafter IME) with the carrier's consultant and minimally stating, under the "purpose of examination/special instructions," to "see attached and please bring photo ID." That same day, the State Insurance Fund (hereinafter SIF) separately filed correspondence stating that the purpose of the IME was to examine claimant's bilateral wrists, bilateral elbows and bilateral shoulders and that the examiner should "[p]lease take a complete and detailed accident and treatment history" and comment on, among other things, whether claimant has reached [maximum medical improvement]" (hereinafter MMI). If MMI had been reached and permanency found by the examiner, the correspondence directed the examiner to make findings on, among other things, SLU as to each site of injury. On December 20, 2023, the carrier's consultant performed the scheduled IME of claimant, found that claimant's injuries had reached MMI and that permanency had been established and found that claimant had sustained a causally related 17.5% SLU of each shoulder, a 0% SLU of each elbow and a 15% SLU of each wrist. At a subsequent May 2024 hearing, claimant's counsel requested that the December 2023 IME report be precluded because an IME-3 form (Independent Examiner's Report of Request Regarding Independent Medical Examination) was never filed in relation to the December 2023 IME, in violation of Workers' Compensation Law § 137.FN2 Given the absence of an IME-3 form in the file, the Workers' Compensation Law Judge (hereinafter WCLJ), among other things, granted claimant's request to preclude the December 2023 IME report. The SIF sought administrative review with the Workers' Compensation Board, which reversed the decision of the WCLJ. The Board found that the December 2023 IME report should not be precluded, and may be considered, because, even though an IME-3 had not been filed, SIF's properly filed IME-5 form was accompanied by separately scanned and filed IME-5 instructions that included the purpose of the IME and the questions to be answered by the examiner. Claimant appeals.

In addition to providing a prohibition against "the improper influencing or attempt [*2]by any person improperly to influence the medical opinion of any physician who has treated or examined an injured employee" (Workers' Compensation Law § 13-a [6] [a]; accord Matter of Petti v Asplundh Constr. Corp., 244 AD3d 1539, 1540 [3d Dept 2025]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]; Workers' Compensation Bd Release Subject No. 046-124 [Nov. 24, 2003]), the Workers' Compensation Law provides certain provisions and rules applicable solely to IMEs (see Workers' Compensation Law § 137; 12 NYCRR 300.2). As relevant here, the Workers' Compensation Law provides that, "[i]f a practitioner who has performed or will be performing an [IME] of a claimant receives a request for information regarding the claimant, including faxed or electronically transmitted requests, the practitioner shall submit a copy of the request for information to the [B]oard within [10] days of receipt of the request" (Workers' Compensation Law § 137 [1] [b]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]). Copies of all responses to such requests for information regarding a claimant (such as an IME), including all materials which are provided in response to such a request, are required to be "submitted by the responding practitioner to the [B]oard within [10] days of submission of the response to the requestor" (Workers' Compensation Law § 137 [1] [c]; see Workers' Compensation Bd Release Subject No. 046-1749 [Mar. 21, 2025]).

The Board's rules provide that a request for information, for purposes of Workers' Compensation Law § 137 (b) (1), "means any substantive communication with an independent medical examiner, or his or her office, regarding the claimant from any person or entity, including a claimant, an insurance carrier, or a third party administrator, that takes place or is initiated outside of the [IME], including a request or referral for examination and any communication related thereto, questions or inquiries related to the claimant or the examination, and the provision of information to the examiner for review in connection with a request for the examiner's professional opinion with regard to the claimant or the examination" (12 NYCRR 300.2 [b] [11]).FN3 "A report of an examination[, or request for an IME,] that does not substantially comply with the requirements of Workers' Compensation Law [§] 137 . . . shall not be admissible as evidence" for various enumerated purposes (12 NYCRR 300.2 [d] [12]; see Matter of Olczyk v Verizon N.Y., Inc., 33 AD3d 1109, 1109 [3d Dept 2006]), which include "evaluating or providing an opinion with respect to schedule loss, degree of disability, validation of treatment plan or diagnosis, causal relationship, diagnosis or treatment of disability, [MMI], ability to return to work, permanency, appropriateness of treatment, necessity of treatment, proper treatment, extent of disability, second opinion or any other purpose recognized or requested by the [B]oard" (12 NYCRR 300.2 [*3][b] [4]).

"The Chair [of the Board] has prescribed the IME-3 form as the proper form for the independent medical examiner to file concerning both the submission of a request for information, and for the examiner's response to that request" (Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp Bd LEXS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; accord Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp Bd LEXS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]). However, in cases where an IME-3 form is not timely filed or not filed at all, the Board has consistently declined requests to preclude IME reports where the carrier properly filed an IME-5 form and instructions that included the purpose of the IME and the questions being posed to the carrier's consultant (see e.g. Employer: Tishman Speyer Properties LP, 2026 WL 200333, *2, 2026 NY Wrk Comp LEXIS 301, *3 [WCB No. G343 2971, Jan. 16, 2026]; Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp LEXIS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp Bd LEXS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]).

Here, the record reflects that an IME-5 form, along with its instructions for the examiner, were separately scanned and filed by SIF. As the Board found, however, the separate scanning and filing of these documents appears to be an inadvertent error as both documents were filed with the Board on the same day. Our review of the IME-5 form and the detailed instructions for the examiner that were filed by SIF indicates that SIF's instructions identified the specific body parts to be examined at the December 2023 IME and requested that the examiner opine on, among other things, MMI and permanency as well as the impairment percentage for all schedulable sites examined. Although no IME-3 form was filed, we note that neither Workers' Compensation Law § 137 nor the Board's rules expressly require the use of an IME-3 form to satisfy the applicable notice and filing requirements (see Workers' Compensation Law § 137; 12 NYCRR 300.2).FN4 In view of the foregoing, we discern no abuse of discretion in the Board's finding that the IME-5 and accompanying instructions for the examiner satisfied the requirements of, and complied with, Workers' Compensation Law § 137 and the Board's rules by timely providing the parties with all of the pertinent information as to what body parts were to be examined and what issues the examiner was to address (see Employer: Tishman Speyer Properties LP, 2026 WL 200333, *2, 2026 NY Wrk Comp LEXIS 301, *3 [WCB No. G343 2971, Jan. 16, 2026]; Employer: NYC Transit Authority, 2026 WL 124802, *2, 2026 NY Wrk Comp LEXIS G3452976, *1 [WCB No. G345 2976, Jan. 13, 2026]; Employer: FOJP Service Corporation, 2024 WL 294045, *3, 2024 NY Wrk Comp LEXS 344, *7 [WCB No. G151 1069, Jan. 18, 2024]).FN5 Accordingly, we will not disturb the Board's decision to deny preclusion of the [*4]December 2023 IME report. To the extent that claimant's remaining contentions are properly before us and have not been rendered academic by our decision, they have been considered and found to be without merit.

Ceresia, Fisher, Powers and Corcoran, JJ., concur.

ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1

The IME-5 form notifies a claimant of the date of an IME and is accompanied by any written communication for the physician, such as instructions.

Footnote 2

The IME-3 form may be used by a practitioner to report a request for information regarding a claimant's IME and/or to otherwise satisfy their filing obligations under Workers' Compensation Law § 137.

Footnote 3

Although disclosure of substantive communication with the medical provider is required, the Board's rules do not require further filing with the Board when documents or records constituting the substantive communication are already part of the Board's file and are accessible to all parties (see 12 NYCRR 300.2 [b] [11]; see also Workers' Compensation Bd Release Subject No. 046-769 [July 9, 2015]).

Footnote 4

Language contained on the IME-3 form also suggests that, under the circumstances present here where an IME-5 form scheduling an IME along with instructions for the examiner were already filed, the filing of an IME-3 form was not necessary: "[i]f the request for information is limited to a request for scheduling of an [IME], you need not file this form. However, you must send a copy of Form IME-5 . . . to the Workers' Compensation Board" (Workers' Compensation Board, Independent Examiner's Report of Request for Information/Response to Request Regarding Independent Medical Examination, available at https://www.wcb.ny.gov/content/

main/forms/ime3.pdf [last accessed March 20, 2026]).

Footnote 5

Notably, claimant does not argue that he was unaware or lacked notice of the IME-5 and accompanying instructions for the December 2023 IME or otherwise argue that he was prejudiced in any way due to an IME-3 not being filed. These facts belie any claim that claimant was denied due process or was prejudiced.